Taliaferro, <T.
Angelo Costa died in New Orleans, in the year-1858, *15 intestate, leaving a widow and six children, five of whom, at that time, were minors. He left a considerable estate, consisting of real and personal prpperfcy. His widow, Marie Costa, had the usual legal proceedings taken in regard to the succession, which consisted entirely of community property. She was confirmed as natural tutrix of her minor children, and an under tutor was appointed. Availing herself of the provisions of the act of the Legislature, entitled ‘: an act relative to community property,” approved March 25th, 18-14, she took possession of the entire estate, holding the undivided half in usufruct. >She administered the property as tutrix, sold a part of it under the advice of a family meeting and an order of Court, and filed an account, which was duly homologated, in July, 1859.
In 1865, several of the heirs, then of the ago of majority, instituted this proceeding, praying that the usufruct of the mother be annulled, or that she be required to give security for the faithful and proper administration of the property, setting forth that her administration of the estate has been improvident, wasteful, and greatly injurious to the petitioners.
The defendant, Madame Costa, by her counsel, filed an exception to the proceeding taken against her, averring that the petition set forth no cause of action; that no specific allegation of waste of the property, or of illegal or wrongful management of it, is made, and that she is not required by law to give the security demanded by the plaintiffs.
The case was decided in the lower Court on the exception. Judgment was rendered against the plaintiffs, and they have appealed.
It is contended, on the authority of the case of Conner v. the Heirs of Conner, 13 An. 157, that the legal usufruct treated of in Art. 553 of the Civil Code, is. that referred to in the Arts. 239, 240 and 241 of the Code, and hence the deduction, that the only usufruct of children’s property free from the obligation of security, is that which is accorded to the parents during marriage ; aud that the usufructuary of the marital portion, decided by that case to be bound to give security, is in a. condition analogous to that of the defendant in this case. The reason on which the distinction drawn, in the case of Conner v. the Heirs of Conner, seems to rest, does not, in our opinion, apply to the case before us. The marital portion, given by Article 2359 of the Civil Code, comes necessarily from the separate property of the deceased spouse. It is conceded to the survivor left in destitution, from the estate of the partner dying in opulence. It is a concession to the needy recipient, who never contributed by labor and industry to the acquisition of the means from which the bounty is derived. The community property, on the contrary, proceeds from the joint labor, economy and care of the husband and wife; and the survivor in community, therefore, to whom the usufruct is granted, would appear to have an equitable right to enjoy the privilege free from onerous conditions. A fair construction of the several Articles of the Code, brought into view in the argument of this case, hardly sustains the position, that it is only during marriage that parents can hold the usufruct of their children’s property, without furnishing security. Article 241 directs that “ the usufruct, in case of separation from bed and board, shall take place in toto in favor of either father or mother, who shall have obtained such *16 separation, and shall bo subject to the conditions prescribed in tho preceding article.”
If the entire usufruct may be enjoyed by one of tlio parties to the marriage, without the condition of security, when separation from bed and board occurs, why may it not be, after a final dissolution of the marriage by death or divorce? It is true that, by Art. 239 of tho Code, the duration of tho usufruct is limited to tho timo at which the minors attain tho age of majority, or are emancipated. But, as regards the legal usufruct, established long afterwards by the statute of 1844, second section, the lawgiver has seen proper to extend its duration during the life of tho usufructuary. It is subject to tho sole condition that the survivor holding tho -usufruct, loses the right by contracting a second marriage. No security is required; nor do we consider, in view of the humane and liberal spirit in which the law was enacted, that it ivas intended to be required. Being a legal usufruct established for the benefit of the surviving parent, we think tlie provisions of Articé 553 of the Civil Code apply as wrell to it as to tho previous Articles of the Codo ; and that tho usufructuary, under tho law of 1844, is not required to give security for the usufruct.
It is therefore ordered, adjudged and decreed, that the judgment of the 'District Court be affirmed, with costs.